UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRESENIUS VASCULAR CARE, INC.
and NATIONAL MEDICAL CARE,
INC.,

    Plaintiffs,

v.                                      Case No: 8:21-cv-1474-VMC-JSS

INDI VASUDEVA and TAMPA
RENAL PHYSICIANS, P.L.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on Plaintiff's Motion to Determine Entitlement to Attorneys' Fees ("Motion"). (Dkt. 24.) For the reasons that follow, the undersigned recommends that the Motion be granted.

## BACKGROUND

Fresenius Vascular Care, Inc. ("FVC") and National Medical Care, Inc. ("NMC") (collectively, "Plaintiffs"), instituted this action against Dr. Indi Vasudeva ("Dr. Vasudeva") and Tampa Renal Physicians, P.L. ("Tampa Renal") (collectively, "Defendants"), by filing a Complaint for damages. (Dkt. 1.) As alleged in the Complaint, Plaintiffs seek monetary damages in sums certain against both Defendants for their respective breaches of two agreements between the parties. (*Id.*) Defendants failed to answer or otherwise respond to the Complaint and the court granted

Plaintiffs' motion for default judgment. (Dkt. 18.) On January 21, 2022, the Clerk of Court entered judgments in favor of NMC against Dr. Vasudeva in the amount of $113,819, in favor of NMC against Tampa Renal in the amount of $341,457, in favor of FVC and against Dr. Vasudeva in the amount of $144,487.48, and in favor of FVC and against Tampa Renal in the amount of $433,462.43. (Dkts. 20, 21, 22, 23.)

In this Motion, NMC requests that the court enter an order determining its entitlement to an award of attorneys' fees against Defendants. (Dkt. 24.) Defendants have not responded to the Motion and the time for doing so has expired. The Motion is therefore deemed unopposed pursuant to Middle District of Florida Local Rule 3.01(c).

## APPLICABLE STANDARDS

"Florida conforms to the 'American Rule' under which attorneys' fees are awarded only when permitted by statute or contract." *Johnson Enterprises of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1329 (11th Cir. 1998).[1] An enforceable contractual provision to provide for attorneys' fees must "unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable." *Sholkoff v. Boca Raton Comm. Hosp., Inc.,* 693 So. 2d 1114, 1118 (Fla. 4th DCA 1997). Therefore, the court must strictly construe the contractual language in

---

[1] Plaintiffs commenced this action in federal court pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and asserted state law claims for breach of contract. (Dkt. 1.) A court sitting in diversity must apply the substantive law of the state in which it sits. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 80 (1938). Therefore, Florida law governs the court's analysis.

the provision for attorneys' fees. *Succar Succar v. Safra Nat'l Bank of New York,* 237 F. App'x 526, 528 (11th Cir. 2007).

## ANALYSIS

In the Motion, NMC[2] seeks a finding that it is entitled to attorneys' fees pursuant to contractual provisions appearing in contracts signed by Defendants. (Dkt. 24.) In entering default judgment, the court found that, as set forth in the Complaint, Dr. Vasudeva, Tampa Renal, and others formed a joint venture, Fresenius Vascular Care of Tampa, LLC (the "joint venture"), in 2015 by entering into a Limited Liability Company Agreement (the "Operating Agreement"). (Dkts. 17, 18.)  On May 24, 2017, the joint venture and NMC entered into a Credit and Security Agreement ("Credit Agreement"), under which NMC agreed to make revolving credit in the amount of $1,750,000 available to the joint venture. (*Id.*)  Each member of the joint venture, including FVC, Tampa Renal and Dr. Vasudeva, executed a Guaranty and Pledge, under which each member guaranteed its obligations under the Credit Agreement in proportion to their ownership interests in the joint venture ("Guaranty Agreements"). NMC made monetary advances pursuant to the Credit Agreement, but the joint venture failed to meet its obligations and defaulted. As a result, the joint venture's managers made a capital call on all members of the joint venture, but Defendants failed to contribute their share of the joint venture's obligations to NMC, as required under the Guaranty Agreements. The court found that by failing to pay

---

[2] Although default judgment was entered in favor of both plaintiffs, only NMC moves the court in this Motion. (Dkt. 24 at 2.)

NMC for their shares of the joint venture's obligations under the Credit Agreement, Defendants breached their Guaranty Agreements and the Operating Agreement. (Dkts. 17, 18.)

In the Guaranty Agreements, Defendants each agreed to "absolutely, irrevocably and unconditionally" guarantee the "timely payment and performance of all Obligations" owed to NMC under the Credit Agreement, to the extent of their respective interest in the joint venture. (Dkt. 15-1 at 108, 117.) The court found that both Defendants breached their obligations set forth in the Guaranty Agreements. (Dkts. 17, 18.) As such, NMC seeks to recover its attorneys' fees incurred in enforcing the Guaranty Agreements in this action.

Section 13 of the Guaranty Agreements provides that each guarantor "shall indemnify [NMC] from any and all losses, claims, liabilities and related expenses (including reasonable arbitration, paralegals', attorneys' and experts' fees and expenses, whether incurred without the commencement of a suit, in any trial, arbitration, or administrative proceeding, or in any appellate or bankruptcy proceeding) incurred by [NMC] in connection with this Guaranty and Pledge, including all reasonable expenses incurred to enforce or collect any of the Guaranteed Obligations," subject to a limited exception not applicable here. (Dkt. 15-1 at 113, 122.) Therefore, the Guaranty Agreements plainly and unambiguously provide that Defendants agreed to indemnify NMC for attorneys' fees incurred by NMC to enforce the Guaranty Agreements. By their breach, Defendants forced NMC to pursue legal action to enforce the Guaranty Agreements and incur attorneys' fees. Accordingly,

the undersigned recommends that NMC is entitled to attorneys' fees pursuant to the Guaranty Agreements. *Sunbelt Rentals, Inc. v. Masonry & Constr. Servs., Inc.*, No. 8:20-cv-1539-T-60AAS, 2020 WL 8461567, at *3 (M.D. Fla. Dec. 17, 2020), *report and recommendation adopted,* No. 8:20-cv-1539-T-60AAS, 2021 WL 222778 (M.D. Fla. Jan. 22, 2021) ("Under Florida law, attorney's fee provisions in contracts are enforceable.").

Accordingly, it is **RECOMMENDED** that NMC's Motion to Determine Entitlement to Attorneys' Fees (Dkt. 24) be **GRANTED** and that NMC be directed to submit a supplemental motion on amount in accordance with Middle District of Florida Local Rule 7.01(c).

**IT IS SO REPORTED** in Tampa, Florida, on April 28, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Virginia M. Hernandez Covington
Counsel of Record