UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRESENIUS VASCULAR CARE, INC.
and NATIONAL MEDICAL CARE,
INC.,

       Plaintiffs,

v.                                Case No: 8:21-cv-1474-VMC-JSS

INDI VASUDEVA and TAMPA
RENAL PHYSICIANS, P.L.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff National Medical Care, Inc. (NMC) moves pursuant to Federal Rule of Civil Procedure 54(d)(2) and Middle District of Florida Local Rule 7.01(c) for an order determining the amount of and awarding its share of attorneys' fees and costs against Defendants Indi Vasudeva and Tampa Renal Physicians, P.L. (Motion, Dkt. 28.) For the reasons that follow, the undersigned recommends that the Motion be granted in part and denied in part.

## BACKGROUND

Plaintiffs NMC and Fresenius Vascular Care, Inc. (FVC) brought this action against Defendants seeking damages for the breach of two agreements between the parties. (Dkt. 1.) Defendants never answered the complaint or otherwise defended this action. On January 28, 2022, the court granted in part Plaintiffs' motion for

default judgment against Defendants.  (Dkt. 18.)  The court awarded NMC a total of $455,276 against Defendants and awarded FVC a total of $577,949.91 against Defendants.  (*Id.*)  The court also awarded Plaintiffs $532 in recoverable costs against Defendants, jointly and severally.  (*Id.*)

On May 16, 2022, the court granted NMC's motion to determine entitlement to attorneys' fees and directed NMC to file a supplemental motion regarding the amount in accordance with Middle District of Florida Local Rule 7.01(c).  (Dkt. 27.)  In this Motion, NMC seeks an award of attorneys' fees in the amount of $42,193 and $4,370.66 in costs.  (Dkt. 28.)

## APPLICABLE STANDARDS

In determining an attorneys' fees award, courts apply the following three-step process: (1) determine whether the party is entitled to recover attorneys' fees and costs; (2) determine the lodestar amount, which is calculated by multiplying the number of hours reasonably expended in litigating the claim by the reasonable hourly rate; and (3) adjust the lodestar, if necessary, to account for the results obtained by the prevailing party.  *Atlanta J. & Const. v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1289 (11th Cir. 2006).

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  Generally, the relevant market for purposes of determining the reasonable

- 2 -

hourly rate for an attorney's services is the place where the case is filed. *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).

The party applying for fees bears the burden of establishing the reasonableness of the proffered rate with direct evidence of rates charged under similar circumstances or with opinion evidence. *Norman*, 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. *Id.* at 1303–04. In calculating the hours reasonably expended on litigation, the court should exclude excessive, unnecessary, and redundant hours and any time spent litigating discrete and unsuccessful claims. *Id.* at 1301–02.

After the lodestar is determined, a court must decide whether an adjustment to the lodestar is necessary based on the results obtained. *Id.* at 1302. As such, a court may adjust the lodestar based on whether the results obtained were exceptional, excellent, or of partial or limited success, thereby compensating for all hours reasonably expended for excellent results or reducing the amount for partial or limited success. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434–36 (1983)).

# ANALYSIS

## A.   Attorneys' Fees

### 1.   Reasonable Hourly Rate

NMC seeks various hourly rates for the members of its legal team and bears the burden to establish that the requested rates are the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Renninger v. Phillips & Cohen Assocs., Ltd.*, No. 8:10-cv-5-T-33EAJ, 2010 WL 3259417, at *2 (M.D. Fla. Aug. 18, 2010) (citing *Norman*, 836 F.2d at 1303).  To satisfy this burden, NMC offers the declarations of attorney Paul McDermott, attorney Andrew Tarr, and expert John Schifino, Esq.,[1] as well as detailed time records for the work performed by both Holland & Knight LLP and Robinson, Bradshaw & Hinson, P.A.  (Dkts. 28-1, 28-2, 28-3.)  Defendants are deemed to have no objection to the requested rates pursuant to Local Rule 3.01(c).

From Holland & Knight, NMC seeks hourly rates for partners Paul McDermott and Noel Boeke of $495.00 and $350.00, respectively; for associates Daniel Buchholz and Anne Kelley of $335.00; and for paralegal Holly Reagan of 270.00.  (Dkt. 28 at 7.)  Mr. McDermott's declaration describes the experience and credentials of counsel from Holland & Knight.  (Dkt. 28-1 at 3–5.)  Mr. McDermott states that he and his

---

[1] Mr. Schifino states that he has reviewed the relevant documents in the case, including the Motion, and has experience litigating similar matters.  (Dkt. 28-3 at 1–2.)  Specifically, Mr. Schifino has over twenty years of experience representing clients "in commercial litigation matters in Florida's trial and appellate courts, and in matters in the trial and appellate courts of the United States Court of Appeals for the Eleventh Circuit."  (*Id.* at 1.)

colleagues have been paid the requested rates for litigating cases in Florida previously, and the rates are those that Holland & Knight "normally charges, and clients normally pay, for the time and efforts of members of the firm." (Dkt. 28-1 at 5.)  NMC's expert Mr. Schifino concludes that based on his experience and review of the case, the "attorneys' and staff fees sought by [NMC] are reasonable, both as to the above listed rates and the hours spent in pursuit of this case." (Dkt. 28-3 at 4.)

From Robinson Bradshaw, NMC seeks hourly rates for partners Andrew Tarr, Jason Wright, and David Schilli of $480.00, $430.00, and $505.00,[2] respectively; for associate Brendan Biffany of $255.00; and for research assistant Walter Short of $165.00.  (Dkt. 28 at 7.)  Mr. Tarr states that he and his colleagues at Robinson Bradshaw have been paid the requested rates for litigating previously, and the rates are those that Robinson Bradshaw "normally charges NMC . . . and NMC normally pay[s], for the time and efforts of members of the firm." (Dkt. 28-2 at 4.)  Mr. Schifino similarly states that these rates are reasonable.  (Dkt. 28-3 at 4.)

Upon consideration of the submitted declarations, time records, expertise of the court, and absence of any objection from Defendant, the undersigned recommends that the requested rates for NMC's attorneys and support staff are reasonable.  These rates are consistent with the prevailing market rates for similar legal services in a case of this complexity.  *See, e.g.*, *Trove Brands, LLC v. JH Studios, Inc.*, No. 8:19-cv-1809-KKM-AAS, 2022 WL 827789, at *3 (M.D. Fla. Mar. 3, 2022), *report and*

---

[2] For Mr. Tarr's and Mr. Wright's work in 2021, NMC seeks an hourly rate of $460.00 and $410.00 respectively.

*recommendation adopted,* No. 8:19-cv-1809-KKM-AAS, 2022 WL 824404 (M.D. Fla. Mar. 18, 2022) (finding rates ranging from $120 to $575 per hour to be reasonable in action where defendant defaulted); *Hajdasz v. Magic Burgers, LLC*, No. 6:18-cv-1755-ORL22LRH, 2019 WL 3383429, at *5 (M.D. Fla. June 26, 2019), *aff'd,* 805 F. App'x 884 (11th Cir. 2020) (finding rate of $500 per hour reasonable); *M.H. v. Comm'r of the Georgia Dep't of Cmty. Health*, 656 F. App'x 458, 462 (11th Cir. 2016) (affirming award of attorney's fees where defendant did not adequately rebut the reasonable rate presented by plaintiffs' expert in his affidavit).

    2.   **Hours Reasonably Expended**

    The court next considers the hours expended on the litigation by NMC's legal counsel.  The court should "exclude excessive, unnecessary and redundant hours, and also time spent litigating discrete and unsuccessful claims." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1332 (M.D. Fla. 2002).  While Plaintiff bears the burden to provide evidence in support of its fee request, "[t]hose opposing fee applications have obligations, too." *Am. Civil Liberties Union of Georgia*, 168 F.3d at 428.  "In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" *Id.* (quoting *Norman*, 836 F.2d at 1301).  Accordingly, a fee opponent's failure to lodge specific objections to an attorney fee request is generally viewed as fatal.  *See Scelta*, 203 F. Supp. 2d at 1333; *see also Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997).

As Defendants have defaulted in this action and did not respond to the Motion, the Motion is deemed unopposed pursuant to Local Rule 3.01(c). NMC seeks a portion of fees for 180.8 hours of billable work. (Dkt. 28 at 5.) While 180.8 hours may appear high for an action in which no defendant appeared, here, the billable hours are spread across the 16 months that this action has been pending, resulting in an average of 11.3 hours expended per month. *See* (Dkts 28-1, 28-2.) Further, the hours involve work by two law firms in bringing the complaint, filing motions for clerk's default and for default judgment, and pursuing attorneys' fees. *See* (*Id.*) The undersigned notes that the court must "closely scrutinize cases where more than one attorney is involved for possible duplication of effort. *Preston v.* Mandeville, 451 F. Supp. 617, 641 (S.D. Ala. 1978). However, there "is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer. *Norman*, 835 F.3d at 1302 (emphasis added). In this case, although there is some overlap, it appears that each attorney is being compensated for their distinct contributions.

NMC may be awarded fees for time reasonably spent litigating its underlying claims, as well as time spent litigating entitlement to and the amount of attorneys' fees incurred. *Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 796 (11th Cir. 2013) (citing *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003)). Upon consideration of NMC's evidence, the court's expertise, and the lack of objection from

Defendants, the undersigned finds that the number of hours expended by NMC's counsel were reasonable.

Based on the foregoing, the undersigned calculates the lodestar as follows:

| Counsel | Rate | Hours Expended | Total Fees |
|---|---|---|---|
| Paul McDermott | $495 | 47.3 | $23,413.50 |
| Noel Boeke | $350.00 | .6 | $210.00 |
| Daniel Bucholz | $335.00 | 15.7 | $5,259.50 |
| Anne Kelley | $335.00 | 13.6 | $4,556.00 |
| Holly Reagan (paralegal) | $270.00 | 7.6 | $2,052.00 |
| Andrew Tarr | $460.00 (2021 rate) | 46.3 | $21,298.00 |
| Andrew Tarr | $480.00 (2022 rate) | 18.2 | $8,736.00 |
| Jason Wright | $410.00 (2021 rate) | .5 | $205.00 |
| Jason Wright | $430.00 (2022 rate) | .9 | $387.00 |
| David Schilli | $505.00 | .6 | $303.00 |
| Brendan Biffany | $255.00 | 27 | $6,885.00 |
| Walter Short (research assistant) | $165.00 | 2.5 | $412.50 |
| **Total** | | **180.8** | **$73,717.50** |

### 3.   Adjustments to the Lodestar

After determining the lodestar amount, "[t]he court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the

degree of plaintiff's success in the suit." *Ass'n of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006).  An adjustment may be proper to compensate for all hours reasonably expended if the result was excellent or to reduce the lodestar if the result was partial or limited success. *Norman*, 836 F.2d at 1302.  In *Hensley v. Eckerhart*, the Supreme Court explained that the "most critical factor" in determining a fee award is "the degree of success obtained."  461 U.S. at 436.  This evaluation requires the court to consider the extent to which the party prevailed on unrelated claims or achieved a level of success in the ligation to support the fees requested.  *Id.* at 434; *see Ass'n of Disabled Ams.*, 469 F.3d at 1359; *Norman*, 836 F.2d at 1302; *De Armas v. Miabraz, LLC*, No. 12-20063-civ, 2013 WL 4455699, at *6 (S.D. Fla. Aug. 16, 2013).  Upon consideration, no adjustment to the lodestar is recommended as NMC prevailed in this action and received default judgment against Defendants.

In the Motion, NMC seeks an award of half the attorney's fees incurred by its counsel from March 2021 to May 2022,[3] the full amount of attorneys' fees incurred for bringing this Motion in June 2022, and an additional $2,075.00 in fees that NMC expects to incur as a result of this Motion.  (Dkt. 28 at 8.)  As discussed above, the undersigned recommends that the rates sought and hours billed by NMC's counsel are reasonable.  NMC's counsel billed $67,199.00 between March 2021 and May 2022.  The undersigned recommends that, as requested in the Motion, NMC be awarded one-

---

[3] In the Motion, NMC represents that it is seeking fees for work performed between June 2021 and June 2022. (Dkt. 28 at 8.) However, a review of the billing records as compared to the amount in fees that NMC is seeking shows that NMC is in fact seeking fees for work performed beginning in March 2021 through June 2022.

half of that amount, or $33,599.50. NMC's counsel billed $6,518.50 in June 2022, and the undersigned recommends that this amount be awarded to NMC as well. The undersigned further recommends that as requested, NMC be awarded $2,075.00 in expected fees related to this Motion. In total, the undersigned recommends that NMC be awarded $42,193.00 in reasonable attorneys' fees.

## B.    Costs

As the prevailing party, NMC seeks to recover costs pursuant to the Guaranty and Pledge agreements executed between the parties (the Guaranty Agreements). (Dkt. 28 at 9.) As the court has previously found, both Defendants breached their obligations as set forth in the Guaranty Agreements. *See* (Dkts. 17, 18.) Section 13 of the Guaranty Agreements provides that each guarantor "shall indemnify [NMC] from any and all losses, claims, liabilities and related expenses (including reasonable arbitration, paralegals', attorneys' and experts' fees and expenses, whether incurred without the commencement of a suit, in any trial, arbitration, or administrative proceeding, or in any appellate or bankruptcy proceeding) incurred by [NMC] in connection with this Guaranty and Pledge, including all reasonable expenses incurred to enforce or collect any of the Guaranteed Obligations," subject to a limited exception not applicable here. (Dkt. 15-1 at 113, 122.)

While courts are generally limited in taxing costs to those enumerated in 28 U.S.C. § 1920, a court may tax additional costs pursuant to an agreement between the parties. *See Branch Banking & Trust Co. v. Nat'l Fin. Servs., LLC,* Case No. 6:13-cv-1983-

Orl-31TBS, 2015 WL 1862909, at *3 (M.D. Fla. Apr. 23, 2015) (a prevailing plaintiff seeking costs pursuant to a contract was not limited to recovering only those costs enumerated in section 1920); *Am. S. Ins. Co. v. Env't Innovations, Inc.*, No. 3:14-cv-1312-J-34JBT, 2015 WL 8113809, at *3 (M.D. Fla. Nov. 2, 2015), *report and recommendation adopted,* No. 3:14-cv-1312-J-34JBT, 2015 WL 8042749 (M.D. Fla. Dec. 7, 2015) (same). However, the costs awarded to Plaintiff must be reasonable. *See Air Turbine Tech., Inc. v. Atlas Copco AB,* Case No. 01–8288–CIV, 2008 WL 544731, at *2 (S.D. Fla. Feb. 26, 2008) ("[A] reasonableness element must be read into the contract provision [providing for the recovery of costs]."), *rev'd in part on other grounds, Air Turbine Tech., Inc. v. Atlas Copco AB,* 336 F. App'x 986 (Fed. Cir. 2009)).

Here, NMC seeks a total award of costs in the amount of $4,370.66. (Dkt. 28 at 9.) This amount represents half of the total costs incurred by counsel in pursuing this action ($3,741.31) or $1,870.66, plus an additional $2,500 incurred by Mr. Schifino in preparing his expert declaration in support of the Motion. (*Id.*) In support of the request for costs, NMC provides the billing records from Holland and Knight and Robinson Bradshaw, which reflect the date, description, and amount of each reimbursable cost, as well as Mr. Schifino's declaration in which he details his hourly rate and the hours spent in preparing his declaration. *See* (Dkts. 28-1, 28-2, 28-3.) These records enable the undersigned to conclude that the requested costs reflect sums expended in the prosecution of this action against Defendants. In the absence of any objection from Defendants, the undersigned recommends that the requested costs are

reasonable and that NMC is entitled to the costs pursuant to the Guaranty Agreements. *See, e.g.*, *James Gorman Ins., Inc. v. Bankers Ins. Co.*, No. 8:16-cv-816-T-27AEP, 2018 WL 1863607, at *10 (M.D. Fla. Mar. 9, 2018), *report and recommendation adopted,* No. 8:16-cv-816-T-27AEP, 2018 WL 3635095 (M.D. Fla. Apr. 16, 2018) (prevailing party's costs not limited to 28 U.S.C. § 1920 where settlement agreement provided for broader entitlement). However, NMC was previously awarded $503 in taxable costs for the clerk's fee for filing the complaint and the service fees on each Defendant. (Dkt. 18.) With the present Motion, NMC represents and the billing records reflect that it is similarly seeking costs for "filing this lawsuit [and] serving Defendants with process." (Dkt. 28 at 9.) The undersigned therefore recommends that NMC's requested costs be reduced by the $503 that was previously awarded, and that NMC be awarded costs in the amount of $3,867.66.

## CONCLUSION

In sum, the undersigned finds that the requested hourly rates for NMC's legal counsel are reasonable. Additionally, the hours expended by NMC's legal counsel were reasonably spent working on this case and this Motion. The undersigned therefore recommends that NMC be awarded $42,193.00 in attorneys' fees and $3,867.66 in costs.

Accordingly, it is **RECOMMENDED**:

1. NMC's Motion to Determine Amount of and Award Reasonable Attorneys' Fees and Costs (Dkt. 28) be **GRANTED in part** and **DENIED in part**.

2. NMC be awarded reasonable attorneys' fees in the amount of $42,193.00 and costs in the amount of $3,867.66.

**IT IS SO REPORTED** in Tampa, Florida, on October 3, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Virginia M. Hernandez Covington
Counsel of Record