UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRESENIUS VASCULAR CARE, INC.
and NATIONAL MEDICAL CARE,
INC.,

    Plaintiffs,

v.                                    Case No: 8:21-cv-1474-VMC-JSS

INDI VASUDEVA and TAMPA
RENAL PHYSICIANS, P.L.,

    Defendants.
_____/

## ORDER

Plaintiff National Medical Care, Inc. moves the court for writs of garnishment after judgment directed to Bank of America, N.A., Voya Financial Advisors, Inc., Regional Financial Corporation d/b/a Regions Bank, and Adventist Health System/Sunbelt, Inc., pursuant to Federal Rules of Civil Procedure 64 and 69(a) and Sections 77.01 and 77.03 of the Florida Statutes. (Motion, Dkt. 50.) At the court's request, Plaintiff supplemented the Motion and the proposed writs of garnishment to include addresses for each of the proposed garnishees. (Dkt. 53.) Upon consideration of the Motion and the supplement, the Motion is granted.

## BACKGROUND

On January 28, 2022, the court granted in part Plaintiff's motion for default judgment and directed the Clerk to enter judgment in favor of Plaintiff against

Defendants.  (Dkt. 18.)  The Clerk of Court thereafter entered judgment in favor of Plaintiff against Defendant Dr. Indi Vasudeva in the amount of $113,819; against Defendant Tampa Renal Physicians, P.L. in the amount of $341,457; and awarded $532 in recoverable costs against both Defendants, jointly and severally.  (Dkts. 19, 20, 21.)  The court thereafter granted in part Plaintiff's motion for attorneys' fees (Dkt. 36) and judgment was entered in favor of Plaintiff in the amount of $42,193 in attorneys' fees and $3,867.66 in costs.  (Dkt. 36.)  On March 1, 2023, the court granted Plaintiff's motion for issuance of writs of execution regarding the judgments against Defendants.  (Dkt. 41.)

Plaintiff alleges that Defendant Vasudeva maintains checking, savings or other depository accounts with Garnishee Bank of America and a financial account or insurance policy with Garnishee Voya Financial Advisors.  (Dkt. 50 at 3–4.)  Plaintiff also alleges that Defendant Vasudeva is presently employed by and receiving wages from Garnishee Adventist Health System/Sunbelt, Inc.  (*Id.* at 4.)  Accordingly, Plaintiff moves for writs of garnishment directed to Bank of America and Voya Financial Advisors (Dkts. 53-1, 53-2) and a continuing writ of garnishment directed to Adventist Health System/Sunbelt, Inc.  (Dkt. 53-4).  Plaintiff also alleges that Defendant Tampa Renal maintains two business checking accounts at Garnishee Regions Financial (Dkt. 50 at 4) and has moved for a writ of garnishment directed to Regions Financial (Dkt. 53-3).

## APPLICABLE STANDARDS

A party may enforce a money judgment by a writ of execution. Fed. R. Civ. P. 69(a)(1). The procedure must accord with the procedure of the state where the court is located. *Id.* In Florida, a person who has recovered a judgment in any court against any entity has a right to a writ of garnishment. Fla. Stat. § 77.01. Chapter 77 of the Florida Statutes sets forth the procedure for obtaining a writ of garnishment under Florida law. After judgment has been obtained against a defendant, but before the writ of garnishment is issued, the plaintiff shall file a motion stating the amount of the judgment. Fla. Stat. § 77.03. The proposed writ shall state the amount named in the plaintiff's motion and require the garnishee to serve an answer on the plaintiff within twenty days after service of the writ. Fla. Stat. § 77.04. In addition, when the judgment-debtor's salary or wages are to be garnished to satisfy a judgment, Section 77.0305 of the Florida Statutes allows the court to issue a continuing writ of garnishment to the judgment debtor's employer. *Commc'ns Ctr., Inc. v. Komatsu*, No. 6:05-cv-1254-Orl-31GJK, 2008 WL 2717669, at *1 (M.D. Fla. June 27, 2008). A continuing writ of garnishment "provides for the periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order." Fla. Stat. § 77.0305. Post-judgment writs of garnishment may be issued *ex parte* and without notice to the judgment debtor. *See United Presidential Life Ins. Co. v. King*, 361 So. 2d 710, 713 (Fla. 1978); *Commc'ns Ctr., Inc.*, 2008 WL 2717669, at *1 (citing *Brown v. Liberty Loan Corp. of Duval*, 539 F.2d 1355, 1363 (5th Cir. 1976)).

## ANALYSIS

As Plaintiff has obtained judgments against Defendants, Plaintiff has a right to a writ of garnishment. Fla. Stat. § 77.01. Plaintiff's Motion states the amounts of the judgments obtained against Defendants. (Dkt. 50 at 1–3.) Plaintiff attached proposed writs as exhibits to the Motion (Dkts. 50-1, 50-2, 50-3, 50-4) and provided revised proposed writs in its supplement (Dkts. 53-1, 53-2, 53-3, 53-4.) Each proposed writ states the amount that Plaintiff was awarded against each Defendant as listed in the Motion and directs each garnishee entity to respond within 20 days. (*Id.*)

Accordingly:

1. Plaintiff National Medical Care, Inc.'s Motion for Issuance of Writs of Garnishment (Dkt. 50) is **GRANTED**.

2. The Clerk of Court shall issue a writ of garnishment to Bank of America, c/o its registered agent for service located at 1200 S. Pine Island Rd., Plantation, Florida, 33324. The Clerk shall use the proposed Writ of Garnishment attached to Plaintiff's supplement. (Dkt. 53-1.) The writ of garnishment shall include copies of Plaintiff's Motion (Dkt. 50), Plaintiff's supplement (Dkt. 53), and the judgments against Defendant Vasudeva (Dkts. 19, 20, 37). The Clerk shall also attach to the writ the "Notice to Defendant" required by Section 77.041(1) of the Florida Statutes.

3. The Clerk of Court shall issue a writ of garnishment to Voya Financial Advisors, Inc., c/o its registered agent for service located at 1201 Hays

St., Tallahassee, Florida 32301. The Clerk shall use the proposed Writ of Garnishment attached to Plaintiff's supplement. (Dkt. 53-2.) The writ of garnishment shall include copies of Plaintiff's Motion (Dkt. 50), Plaintiff's supplement (Dkt. 53), and the judgments against Defendant Vasudeva (Dkts. 19, 20, 37). The Clerk shall also attach to the writ the "Notice to Defendant" required by Section 77.041(1) of the Florida Statutes.

4. The Clerk of Court shall issue a writ of garnishment to Regions Financial Corporation d/b/a Regions Bank, c/o its registered agent located at 1201 Hays St., Tallahassee, Florida 32301. The Clerk of Court shall use the proposed Writ of Garnishment attached to Plaintiff's supplement. (Dkt. 53-3.) The writ of garnishment shall include copies of Plaintiff's Motion (Dkt. 50), Plaintiff's supplement (Dkt. 53), and the judgments against Defendant Tampa Renal Physicians (Dkts. 19, 21, 37).

5. The Clerk of Court shall issue a continuing writ of garnishment against salary or wages to Adventist Health Systems/Sunbelt, Inc., c/o its registered agent located at 900 Hope Way, Altamonte Springs, Florida 32714. The Clerk shall use the proposed Writ of Garnishment attached to Plaintiff's supplement. (Dkt. 53-4.) The writ of garnishment shall include copies of Plaintiff's Motion (Dkt. 50), Plaintiff's supplement (Dkt. 53), and the judgments against Defendant Vasudeva (Dkts. 19, 20,

37).  The Clerk shall also attach to the writ the "Notice to Defendant" required by Section 77.041(1) of the Florida Statutes.

6. Plaintiff is directed to comply with Section 77.041(2) of the Florida Statutes.

**ORDERED** in Tampa, Florida, on August 3, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record