UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRESENIUS VASCULAR CARE, INC.
and NATIONAL MEDICAL CARE,
INC.,

    Plaintiffs,

v.                                                   Case No: 8:21-cv-1474-VMC-JSS

INDI VASUDEVA and TAMPA
RENAL PHYSICIANS, P.L.,

    Defendants.
_____/

## **ORDER**

    Defendant Indi Vasudeva moves to quash service of process in this matter pursuant to Federal Rule of Civil Procedure 12(b)(5). (Motion, Dkt. 80.) Upon consideration, Defendant's Motion is denied without prejudice.

    On January 28, 2022, the court granted in part Plaintiffs' Motion for Default Judgment and directed the Clerk to enter judgment in favor of Plaintiffs and close the case. (Dkt. 18.) The Clerk thereafter entered final default judgment against Defendant. (Dkts. 19, 20, 22.) Defendant now seeks to quash service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). However, Defendant has not moved to set aside the final default judgment in this action nor has the court vacated the final default judgment against Defendant.

Federal Rule of Civil Procedure 55(c) provides that the court "may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b), in turn, provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for several reasons. Fed. R. Civ. P. 60(b). "Relief from a final default judgment must be requested by a formal application under Rule 60(b)." C. Wright & A. Miller, 10A Fed. Prac. & Proc. Civ. § 2692 (4th ed.); *see, e.g.*, *Am. Contractors Indem. Co. v. Midstate Contractors, Inc.*, No. 8:17-cv-1755-T-23JSS, 2018 WL 8130388, at *2 (M.D. Fla. Feb. 27, 2018) ("Thus, Robert Gonzalez and Midstate Contractors, Inc. must move to set aside the defaults in order to file a responsive pleading."); *Lynch Sales Co. v. Hudson's Furniture Showroom, Inc.*, No. 6:09-cv-363-ORL-19GJK, 2009 WL 2495976, at *2 (M.D. Fla. Aug. 11, 2009) ("Finally, because a default has been entered against Defendants, they must move to set aside the default pursuant to Federal Rule of Civil Procedure 55 if they wish to defend against this action."); *Wallace v. Kiwi Grp., Inc.*, No. 6:05-cv-674-ORL-28KRS, 2007 WL 3120270, at *1 (M.D. Fla. Oct. 23, 2007) ("Before the Court will consider any motions filed by the defendants, the defendants must move to set aside the defaults . . .").

Accordingly, because Defendant has not properly moved to set aside the default judgment in this matter pursuant to Federal Rules of Civil Procedure 55(c) and 60(b), Defendant's Verified Motion to Quash Service (Dkt. 80) is **DENIED without prejudice**.

**ORDERED** in Tampa, Florida, on September 8, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record