UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRESENIUS VASCULAR CARE, INC.
and NATIONAL MEDICAL CARE,
INC.,

    Plaintiffs,

v.                                                                     Case No: 8:21-cv-1474-VMC-JSS

INDI VASUDEVA and TAMPA
RENAL PHYSICIANS, P.L.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs move for final judgment in garnishment against Garnishee Regions Bank (Garnishee) pursuant to section 77.083 of the Florida Statutes. (Motion, Dkt. 96.) Upon consideration, the court recommends that the Motion be granted.

## BACKGROUND

Plaintiffs Fresenius Vascular Care, Inc. (FVC) and National Medical Care, Inc. (NMC) brought this action against Defendants Indi Vasudeva and Tampa Renal Physicians, P.L. seeking monetary damages against both Defendants for their alleged breaches of an Operating Agreement and Guaranty Agreement. (Dkt. 1.) Neither Defendant timely appeared nor defended the action.[1] In January 2022, the court

---

[1] Defendant Vasudeva appeared on September 6, 2023 after the court's entry of default judgment, but as of the date of this Report and Recommendations, Vasudeva has not moved to set aside the default judgment entered against her.

granted Plaintiffs' motion for default judgment against Defendants (Dkts. 17, 18) and final judgments were entered in favor of Plaintiffs against Defendants (Dkts. 19, 20, 21, 22, 23.)  In October 2022, the court awarded NMC its attorneys' fees and costs against Defendants. (Dkts. 35, 36, 37.)

In March 2023, the court granted Plaintiffs' motions for issuance of writs of execution (Dkts. 40, 41) and writs of execution were issued as to both Defendants (Dkts. 42, 43, 44, 45, 46, 47).  On July 21, 2023, Plaintiffs moved for issuance of writs of garnishment to several garnishees, including Garnishee Regions Bank (Dkts. 50, 51), and on July 28, 2023, Plaintiffs supplemented their motions for writs of garnishment (Dkts. 53, 54).  The court granted Plaintiffs' motions for writs of garnishment on August 3, 2023. (Dkts. 55, 56.)  The Clerk of Court thereafter issued writs of garnishment as requested by Plaintiffs on August 7, 2023, including two writs of garnishment directed to Garnishee. (Dkts. 59, 63.)  Plaintiffs served the writs of garnishment, their motions for issuance of the writs and supplements, and the judgments entered against Tampa Renal Physicians on August 9, 2023 via United States First Class Mail to Tampa Renal Physicians' last known address. (Dkt. 66.)

Garnishee answered the writs of garnishment on September 5, 2023. (Dkt. 77.) In its answer, Garnishee stated that it had two accounts in the name of Defendant Tampa Renal Physicians in its possession or control at the time of service of the writ: a checking account ending in 905 with a balance of $112.29 and a checking account ending in 536 with a balance of $22,758.36. (*Id.* at 3.)  Plaintiffs served Garnishee's answer and the notices required by section 77.055 of the Florida Statutes on

Defendants on September 6, 2023, via United States First Class Mail to Defendants' last known addresses. (Dkts. 78, 79.)

Plaintiffs now move for final judgment in garnishment against Garnishee in the amount of $22,870.65. (Dkt. 96.) No party has responded to the Motion.

## ANALYSIS

Enforcement of a money judgment by writ of execution "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a). In Florida, a person who has recovered a judgment in any court against any entity has a right to a writ of garnishment. Fla. Stat. § 77.01. Chapter 77 of the Florida Statutes sets forth the procedure for obtaining a writ of garnishment under Florida law. "[U]nder Florida law[,] '[g]arnishment proceedings are statutory in nature and require strict adherence to the provisions of the statute.'" *Branch Banking & Tr. Co. v. Carrerou*, 730 F. App'x 869, 870 (11th Cir. 2018) (quoting *Zivitz v. Zivitz*, 16 So. 3d 841, 847 (Fla. 2d DCA 2009)).

Service of the writ upon the garnishee "shall make [the] garnishee liable for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer." Fla. Stat. § 77.06(1). "Service of the writ creates a lien in or upon any such debts or property at the time of service or at the time such debts or property come into the garnishee's possession or control." *Id.* Additionally, once a writ of garnishment is issued, "[t]he plaintiff must mail, by first class, a copy of the writ of garnishment, a

copy of the motion for writ of garnishment, and, if the defendant is an individual, the 'Notice to Defendant' to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later." Fla. Stat. § 77.041(2).

Upon receipt of the writ, the garnishee "shall report in its answer and retain . . . any deposit, account, or tangible personal property in the possession or control of the garnishee; and the answer shall state the name or names and addresses, if known to the garnishee, of the defendant and any other persons having or appearing to have an ownership interest in the involved property." Fla. Stat. § 77.06(2). Within five days after service of the garnishee's answer, the plaintiff must serve on defendant the answer and a notice advising the defendant that he or she must move to dissolve the writ of garnishment "within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue." Fla. Stat. § 77.055. A defendant's failure to timely file a claim of exemption or motion to dissolve forfeits the defendant's exemption claim and opportunity to dissolve the writ. *Branch Banking & Tr. Co.*, 730 F. App'x at 871. "Judgment against the garnishee on the garnishee's answer or after trial of a reply to the garnishee's answer shall be entered for the amount of his or her liability as disclosed by the answer or trial." Fla. Stat. § 77.083. Any judgment entered against the garnishee may not be greater than "the amount remaining unpaid on the final judgment against the defendant or in excess of the amount of the liability of the garnishee to the defendant, whichever is less[.]" *Id.*

Upon consideration, Plaintiffs have complied with the requirements of Chapter 77 of the Florida Statutes and are therefore entitled to final judgment in garnishment against Garnishee pursuant to section 77.083. Plaintiffs have outstanding judgments against Tampa Renal Physicians totaling $821,512.09. *See* (Dkts. 19, 21, 23, 37.) Following issuance of the writs, Plaintiffs timely served the writs of garnishment, their motions for the writs and supplements thereto, and the judgments on Defendant Tampa Renal Physicians as required by section 77.041 of the Florida Statutes. (Dkt. 66.) Garnishee answered the writ and stated that it has in its possession $22,870.65 in two accounts owned by Tampa Renal Physicians. (Dkt. 77 at 3.) Plaintiffs timely served Garnishee's answer and the required notices on Defendant Tampa Renal Physicians pursuant to section 77.055 of the Florida Statutes. (Dkt. 78.) Tampa Renal Physicians did not timely claim an exemption to garnishment nor did Tampa Renal Physicians timely move to dissolve the writ. *See* Fla. Stat. §§ 77.041, 77.055. Plaintiffs have therefore met the statutory requirements of Chapter 77 and are entitled to final judgment in garnishment against Garnishee for the amount disclosed in Garnishee's answer, $22,870.65. *See, e.g.*, *Orso as Tr. to Bell v. Cummins*, No. 6:21-mc-60-WWB-GJK, 2022 WL 2306719, at *2 (M.D. Fla. Feb. 7, 2022) ("As the statutory requirements for a judgment on the Writ of Garnishment have been satisfied, it is recommended that the Motion be granted as to entry of a judgment in favor of Orso and against Garnishee."), *report and recommendation adopted sub nom. Bell v. Cummins*, 2022 WL 2306845 (M.D. Fla. Mar. 21, 2022); *Salcedo v. Wells Fargo Bank, N.A.*, 223 So. 3d 1099, 1103 (Fla. 3d DCA 2017) ("The service of the writ on Wells Fargo thus

(a) rendered the bank liable as garnishee for the tangible property in the safe deposit box under the bank's control, and (b) created a statutory lien on that property.") (citing *In re Giles*, 271 B.R. 903, 906 (Bankr. M.D. Fla. 2002)).

## CONCLUSION

Accordingly, it is **RECOMMENDED** that:

1. Plaintiffs' Motion for Final Judgment in Garnishment Against Regions Bank (Dkt. 96) be **GRANTED**.

2. Final judgment be entered in favor of Plaintiffs and against Garnishee Regions Bank in the amount of $22,870.65 pursuant to section 77.083 of the Florida Statutes.

**IT IS SO REPORTED** in Tampa, Florida, on November 13, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has 14 days after being served with this Report and Recommendations to file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* 28 U.S.C. § 636(b)(1). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

The Honorable Virginia M. Hernandez Covington

Counsel of Record

Unrepresented Parties, including a copy of Plaintiffs' Motion (Dkt. 96):

    **Tampa Renal Physicians, P.L.** at 12662 Telecom Drive, Temple Terrace, Florida, 33637-0935.

    **Regions Financial Corporation D/B/A Regions Bank** at 1201 Hays St., Tallahassee, Florida 32301; and P.O. Box 830590, Birmingham, AL 35283-0590.